IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| L.M.S., JR., through and by his mother and next of kin Denna Renee Billingsley, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 12-0109-CG-M ) |
| PERRY COUNTY BOARD OF EDUCATION, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER ON SUMMARY JUDGMENT

### I. BACKGROUND

On December 14, 2011,[1] a substitute teacher at Francis Marion High noticed that a school-owned laptop had gone missing from the computer lab. After a brief investigation, it was determined that Plaintiff L.M.S. Jr. had taken the computer. The assistant principal in charge of discipline, Defendant Cathy Trimble, wasn't at work that day, so another teacher at the school had to handle the situation. That teacher (who is not a party to this action) decided to suspend L.M.S. for burglary pending a formal disciplinary hearing with the superintendent of education.

When Trimble returned to work the next day, she held a meeting with L.M.S. and his mother, Denna Billingsley. L.M.S. denied that he took the

---

[1] On summary judgment the court must resolve the dispute over this date in favor of the nonmovant.

computer and told Trimble to go speak with several students who would vouch for his innocence. Trimble interviewed all of those students and had them put their statements in writing. Trimble did not, however, modify the suspension. Thus, L.M.S. remained suspended pending a hearing with the superintendent.

Due to a breakdown in communication between the school and the superintendent, L.M.S.'s superintendent-level hearing was not held until February 1, 2012. At that hearing, the superintendent (who is not a party to this action) decided that L.M.S. had taken the computer and suspended him for 25 school days with credit for time served.

L.M.S. and his mother opted to challenge the superintendent's decision at a hearing in front of the Perry County Board of Education. At that hearing, which was held on February 14, the Board unanimously upheld the superintendent's decision.

On February 24, two days before his suspension would have ended, L.M.S.'s mother withdrew him from Francis Marion High School and enrolled him at Greensboro High School in Hale County. A few weeks later, L.M.S. filed this lawsuit against the Board, the board members in their individual capacities, and Trimble in her individual capacity. The matter comes before

the court on an unopposed[2] motion for summary judgment filed by all the defendants. (Doc. 40.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986).

On a motion for summary judgment, the movant bears the initial burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the movant's arguments, the court must view all evidence and resolve all doubts in the light most favorable to the nonmovant. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999). "If reasonable minds might differ on the inferences arising from undisputed facts, then [the court] should deny summary judgment." Hinesville Bank v. Pony Exp. Courier Corp., 868 F.2d 1532, 1535 (11th Cir.1989).

---

[2] Despite having been given several chances to do so, L.M.S. never responded to the motion for summary judgment. (See Doc. 48 (ordering L.M.S. to show cause why the motion for summary judgment should not be considered unopposed).)

3

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). But the court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted;" instead, it must only "ensure that the motion itself is supported by evidentiary materials." Id.

### III. DISCUSSION

#### A. The Initial Suspension (Count I)

L.M.S.'s first claim focuses on the three-week period between his initial suspension and his hearing with the superintendent. L.M.S. says he should have received a formal hearing sooner, and that Trimble's failure to give him one violated his due-process rights and deprived him of his right to an education.

But Trimble, the only defendant named in Count I, was not at school on the day the computer went missing, so she had no say in the initial decision to suspend L.M.S. And although someone at Francis Marion High forgot to notify the superintendent of the need to schedule a hearing, there is no evidence that Trimble was to blame for that failure. Without some evidence that Trimble was personally responsible for the delay between L.M.S.'s initial suspension and his superintendent-level hearing, there is no factual basis for holding her liable for that delay in her individual capacity.

Accordingly, summary judgment is due on Count I because there are no genuine issues of material fact that would support the denial of summary judgment.

B.  **The Board-Level Hearing (Counts II-IV)**

The rest of L.M.S.'s claims have to do with his hearing in front of the Board. L.M.S. says the defendants violated his rights to procedural and substantive due process and that they intentionally deprived him of his substantive right to an education. But those claims are based on three factual premises that have no evidentiary support.

First, L.M.S. says the defendants "utter[ly] fail[ed]" to give him advance notice of the witness statements that were offered at the board-level hearing. (Doc. 1 ¶ 28.) The court need not decide, however, whether L.M.S. was constitutionally entitled to such notice because the evidence shows that he *did* receive advance notice of the statements; all the statements the Board considered were offered at L.M.S.'s superintendent-level hearing, so L.M.S. received actual notice of their existence and contents on February 1, two weeks before the board-level hearing.

Next, L.M.S. says he asked Trimble to take the statements of five unnamed students and that Trimble refused to do so. Again, the court need not decide whether Trimble was legally bound to take statements from those students because the evidence shows that she *did* take statements from every student L.M.S. identified. Likewise, the court need not decide whether the

5

Board was obligated to consider those statements because the Board *did* consider those statements.

Finally, L.M.S. says the Board refused to view a surveillance video that would have proved his innocence. Here there is a grain of truth; at the board-level hearing, the Board relied on Trimble's description of the video's contents instead of viewing the video itself. But the evidence also shows that L.M.S. conceded that Trimble's description was accurate, and neither L.M.S. nor his mother asked the Board to view the video. Accordingly, the court need not consider whether the Board would have violated L.M.S.'s rights if it had refused to view the video because there's no evidence of such a refusal; instead, it seems that the only reason the Board did not view the video is that no one asked it to.

Accordingly, even assuming the legal premises of L.M.S.'s claims in Counts II-IV are sound (a question on which the court expresses no opinion), those claims all lack sufficient evidentiary support to create a genuine issue of material fact.

## V. CONCLUSION

It is therefore **ORDERED** that the defendants' motion for summary judgment (Doc. # 40) is **GRANTED**. An appropriate judgment will follow.

**DONE** and **ORDERED** this 15th day of November, 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

6